UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTA CURRY,<br>Plaintiff,<br>v.<br>THE REALREAL, INC.,<br>Defendant. | Case No. 26-cv-02929-VC<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. Nos. 13, 18 |

The motion to compel arbitration is granted.[1] This order assumes that the reader is familiar with the facts, the applicable laws, regulations, and legal standards, and the arguments made by the parties.

1. *Delegation Clause*. As a threshold matter, the defendant argues that whether any valid contract has been formed is for the arbitrator to decide because the agreement delegates "any dispute about the interpretation or application of this dispute resolution or the enforceability, revocability or validity of this arbitration provision . . . will be resolved by the processes and procedures described in this Section." Dkt. No. 13-3, at 5. But that begs the question of whether the delegation clause is binding in the first place. The delegation clause has legal effect only if a valid contract was formed; and disputes about contract formation are for courts to decide in the first instance. *Reichert v. Rapid Invs., Inc.*, 56 F.4th 1220, 1227 (9th Cir. 2022).

2. *Contract Formation*. Under California law, "[u]nless the website operator can show that a consumer has actual knowledge of the agreement, an enforceable contract will be found

[1] The motion for leave to file a document with excess pages is granted. Dkt. No. 18.

based on an inquiry notice theory only if: (1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." *Berman v. Freedom Financial Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022).

Here, the cookie banner provided reasonably conspicuous notice of the terms and conditions, at least to someone who interacted with the banner. *See* Complaint ¶ 3. The contrasting font color and the underlining "clearly denote the hyperlink." *Berman*, 30 F.4th at 857. And the paragraph containing the link to the terms of service is approximately the same size as the surrounding text—including the text on the buttons that the plaintiff interacted with.[2] *See* Complaint ¶ 10.

The plaintiff also unambiguously manifested her assent to the terms of service by continuing to browse the site after interacting with the cookie banner. The plaintiff argues that her clicking "Reject All" is ambiguous at best because the cookie banner was so poorly drafted that it was unclear exactly what she was rejecting. *See* Dkt. No. 16, at 3-5. But the ambiguity of the buttons alone does not render the rest of the banner ambiguous. The text located right above the buttons unmistakably stated: "By continuing to browse the site, you agree to the Terms of Service and the Cookie Policy." Complaint ¶ 3. By clicking "Reject All," the plaintiff meaningfully interacted with that notice, which made clear that the plaintiff was assenting to the terms of service when she continued to browse the website "dozens of times." *Id.* ¶ 10.

The cases on which the plaintiff primarily relies are distinguishable. In *Rickes v. Thermo*

[2] The defendant separately argues that the plaintiff agreed to arbitrate when she clicked the "Sign Up" button and created an account. Dkt. No. 13, at 9. But the sign-up interface is not reasonably conspicuous because the hyperlinked terms of service "were only underlined and not otherwise sufficiently set apart from the rest of the text notice." *Quamina v. JustAnswer LLC*, 721 F. Supp. 3d 1026, 1038-39 (N.D. Cal. 2024), *aff'd sub nom. Godun v. JustAnswer LLC*, 135 F.4th 699 (9th Cir. 2025). The font color is gray, which fails to capture a visitor's attention in light of the surrounding text. And the font size of the paragraph containing the hyperlinked terms and conditions is much smaller than the other elements of the sign-up interface.

*Fisher Scientific, Inc*., 2026 WL 2255243 (9th Cir. Aug. 5, 2026), there was no evidence that the plaintiff "viewed the emails, clicked the hyperlink to the agreement, or otherwise interacted with the arbitration materials" whatsoever. And the court in *Sellers v. JustAnswer LLC*, 73 Cal. App. 5th 444 (2021), decided only whether the notices at issue were sufficiently conspicuous, not whether the plaintiffs' conduct manifested unambiguous assent to the agreements.

* * *

The parties are ordered to file a joint status report every 120 days until the arbitration is terminated. If the parties prefer to avoid this obligation, they may stipulate to dismiss this action without prejudice and that the defendant waives any statute-of-limitations defense based on the period during which the dispute is with the arbitrator.

**IT IS SO ORDERED.**

Dated: August 25, 2026

VINCE CHHABRIA
United States District Judge